IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN LANDIE and JAIME LANDIE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 6:19-cv-03363-MDH |
| | ) | |
| THE TRACK, L.L.C., RECREATIONAL | ) | |
| MANAGEMENT, INC. d/b/a The Track Family | ) | |
| Fun Parks, and RECREATIONAL | ) | |
| INVESTMENTS AND MANAGEMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Ryan Landie's ("Plaintiff's") Motion for Summary Judgment. (Doc. 81).[1] Defendants responded. Plaintiff neither replied nor moved for an extension of time in which to reply. The deadline has passed. The Court has considered all briefing. For reasons herein, Plaintiff's Motion for Summary Judgment is **DENIED**.

## BACKGROUND

This case generally concerns a collision on the Heavy Metal High Rise Go-Kart near Branson, Missouri. Plaintiff and his son were riding a go-kart on May 5, 2018. During the ride, Plaintiff advised an employee that Plaintiff and his son no longer wanted to continue. That

---

[1] Plaintiff's Motion for Summary Judgment appears to list only Ryan Landie, while the Amended Complaint lists three plaintiffs: Ryan Landie, Jaime Landie, and W.R.L., the Landies' minor child. Claims brought by W.R.L. appear to have been previously settled (Doc. 28). Taking Plaintiff Ryan Landie's Motion for Summary Judgment at face value, this Court proceeds with the understanding only Plaintiff Ryan Landie has moved for summary judgment, while Jaime Landie has not. This appears consistent with Plaintiff's request to leave the issue of damages for trial, as Jaime Landie's only allegation in the Amended Complaint consists of Count Five's loss of consortium claim. *See Lear v. Norfolk & W. Ry. Co.*, 815 S.W.2d 12, 14 (Mo. Ct. App. 1991) (spouse claiming loss of consortium must separately prove damages stemming from spouse's injury).

1

employee informed Plaintiff to pull the go-kart into a pit area and remain inside the go-kart until an employee informed Plaintiff he and his son could exit. While waiting, Plaintiff's go-kart was struck from behind by another go-kart operated by Grace Munthali. Plaintiff's Statement of Undisputed Facts asserts both go-karts involved in the collision lacked functioning brakes. Plaintiff's Statement of Undisputed Facts also claims no employees were on site monitoring the pit area at the time of the collision. Defendants refute Plaintiff's claims about brakes and the absence of employees. Plaintiff alleges that as a result of injuries sustained during the go-kart collision, Plaintiff has undergone various surgeries and pain management procedures. Plaintiff's Amended Compliant alleges five counts altogether. Count One alleges negligence, Count Two alleges negligent supervision for failure to supervise other go-kart drivers, Count Three alleges negligent supervision for failure to supervise employees, Count Four alleges loss of consortium on behalf of Jaime Landie, and Count Five alleges premises liability, ostensibly for failure to maintain a safe go-kart track.[2]

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not

---

[2] Plaintiff's Motion seeks summary judgment on the issue of liability, but requests that the issue of damages be decided at trial. Confusingly, though Plaintiff's Amended Complaint alleges five counts, four of which derive from negligence, Plaintiff argues that his petition "pleads negligence in three counts." (Doc. 85 at 3). Accordingly, it remains unclear on which counts of the Amended Complaint Plaintiff seeks summary judgment. Regardless, this issue is of little consequence, since, as described below, summary judgment would be inappropriate on any claim alleged in Plaintiff's Amended Complaint.

find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ARGUMENT**

**I.     Material Facts Remain in Dispute**

Though Plaintiff's Amended Complaint and Statement of Undisputed Facts cite several possible theories of liability, Plaintiff's Motion for Summary Judgment fails to clearly identify and explain how Defendants acted negligently. The result, of course, is that it remains functionally impossible to discern why as a matter of law Plaintiff believes he is entitled to summary judgment.

To the extent Plaintiff claims Defendants were negligent because of malfunctioning or nonexistent brakes, material facts remain in dispute. Defendants assert that Plaintiff testified in his deposition that, "we went down the spiral ramp, our go-kart had absolutely enough brakes to press on them at the top and by the bottom we would slow down." (Doc. 90 at ¶ 5). Defendants also contend that Ms. Munthali never clearly testified to a brake failure, but rather stated that she simply could not stop the go-kart before the collision. (Doc. 90 at ¶ 11). To the extent, on the other hand, Plaintiff believes he is entitled to summary judgment because no employees were nearby the collision site, this fact remains in dispute as well, with Defendants claiming employee Austin Robinson was monitoring the pit area at the time of the collision. (Doc. 90 at ¶ 12). Though

3

Defendants have failed to supplement the record with documentary evidence of testimony they reference, Defendants' denials of Plaintiff's statement of facts are sufficient in this context to establish disagreement about material facts. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED** as material facts remain in dispute.

## II. Plaintiff's Motion Lacks Supporting Authority

As discussed above, Plaintiff's Motion for Summary Judgment fails to advance a theory as to how Defendants' actions constitute negligence. Rather, Plaintiff simply argues in conclusory fashion that, "there can be no dispute that Defendants had a duty to protect Plaintiff from being injured due to other customers/invitees operation of their go-karts and there can be no dispute that Defendants failed to perform that duty." (Doc. 85 at 3). The absence of a theory of negligence in turn renders it impossible for Plaintiff to cite authority that supports the claim that Defendants have somehow acted negligently. Plaintiff has not, for example, cited precedent stating a breach of duty occurs as a matter of law when go-kart track operators fail to maintain go-karts in a certain condition. Nor have plaintiffs cited, for example, a statute that establishes go-kart track operators owe a specific duty of care to people using their facilities. Because Plaintiff's Motion fails to advance a theory of negligence supported by authority, the record remains insufficient to allow this Court to decide as a matter of law the extent to which Defendants owed Plaintiff a duty of care and how, if at all, Defendants violated this duty. Accordingly, Plaintiff's Motion is **DENIED** on this basis as well.

## CONCLUSION

For foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**Dated: August 3, 2023**             /s/ Douglas Harpool
                                      **DOUGLAS HARPOOL**
                                      **United States District Judge**